IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRANDON HOUSE                                                                                           PLAINTIFF

        v.                    Civil No. 6:15-cv-06046

CASEY JACKSON; JASON JACKSON;
LARRY CAIN; and DAWAN MORGAN                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Brandon House originally submitted this *pro se* action for filing on April 29, 2015 in the Eastern District of Arkansas. ECF No. 2. On May 1, 2015 the case was transferred to the Western District. ECF No. 3. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson[1], United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before me on a Motion to Dismiss (ECF No. 32) filed by Defendant Dawan Morgan. Plaintiff has not responded. After careful consideration, I make the following Report and Recommendation.

### BACKGROUND

Plaintiff is currently an inmate in the Miller County Correctional Facility in Texarkana, Arkansas. ECF No. 35. Defendant Dawan Morgan is employed by the Department of Community Corrections, a program of the Arkansas Department of Correction. In his Complaint Plaintiff alleges on October 28, 2013 he was arrested for violating the terms of his probation and placed in jail in Arkadelphia, Arkansas. ECF No. 2. He claims his civil rights were violated during the

---

[1] On December 29, 2015 the case was reassigned to the Honorable Susan O. Hickey.

arrest and he was not, at that time, advised of the reason for his arrest. Plaintiff states he bonded out of jail and went to visit Defendant Morgan, his probation officer, on November 4, 2013. According to Plaintiff, Defendant Morgan told him his probation was being revoked because of the arrest. Plaintiff alleges from May until November 4, 2013, Defendant Morgan was "derelict" in his duties as Plaintiff's probation officer. ECF No. 2. Specifically, Plaintiff alleges Defendant Morgan was never available to see him and failed to notify Plaintiff he was not in compliance with the terms and conditions of his probation until he received a report of probation violation, filed by Defendant Casey Jackson, on November 4, 2013. Plaintiff also claims Defendant Morgan's "unprofessional conduct" led to his "conviction." ECF No. 2. Plaintiff seeks "justice, freedom, liberty and compensation" for his wrongful arrest and he wants to see Defendants punished or reprimanded. ECF No. 2.

Defendant Morgan has moved to dismiss the case against him pursuant to Fed. R. Civ. P. 12 (b)(6) on the following grounds: (1) sovereign immunity bars Plaintiff's claims against Defendant Morgan in his official capacity; (2) Plaintiff has failed to state a constitutional claim against Defendant Morgan in his individual capacity; and (3) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**APPLICABLE LAW**

Fed. R. Civ. P. 12 (b)(6) provides that a motion to dismiss should be granted on a plaintiff's claim if he "fail[s] to state a claim upon which relief can be granted." A complaint should be dismissed for failure to state a claim if it appears beyond a doubt the plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *Schaller Tel. Co. v. Golden Sky Sys., Inc.,* 298 F.3d 736, 740 (8th Cir. 2001). In determining whether to dismiss this action under Rule 12 (b)(6), the Court will assume the facts alleged in Plaintiff's Complaint are correct

and will draw reasonable inferences from the facts in favor of the allegations in the Complaint. *Turner v. Holbrook,* 278 F.3d 754, 757 (8th Cir. 2002); *In re Navarre Corp. Sec. Litig.,* 299 F.3d 735, 738 (8th Cir. 2002).

## DISCUSSION

1. Official Capacity Claim

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch,* 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against the State of Arkansas. *Murray v. Lene,* 595 F.3d 868, 873 (8th Cir. 2010); *Short v. Westark Cmty. Coll.,* 347 Ark. 497, 505 (2002) (If a judgment for a plaintiff will operate to control the action of the state or subject it to liability, the suit must be treated as one against the state.)

Sovereign immunity deprives federal courts of jurisdiction over suits against states and their agencies, boards, commissions and other "alter egos" of the State unless the state has waived its immunity or Congress has abrogated such immunity pursuant to a valid exercise of Congressional power. *Seminole Tribe of Fla. V. Fla.,* 517 U.S. 44, 53 (1996); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). The State of Arkansas and its agencies and officials have not consented to suit in federal court. *Burk v. Beene,* 948 F.2d 489, 492-93 (8th Cir. 1991). Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66-67 (1989). Accordingly, Plaintiff's claims against Defendant Morgan in his official capacity should be dismissed.

2. Individual Capacity Claim

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Defendant Morgan in his individual capacity for several reasons. First, Plaintiff alleges his parole was revoked as a result of his wrongful arrest and he implies Defendant Morgan was in part responsible for that revocation. ECF No. 2. It is well settled inmates do not have a constitutionally protected liberty interest in the possibility of parole. *Hamilton v. Brownlee,* 237 Fed. Appx. 114 (8th Cir. 2007) (Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions). Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006).

Second, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the defendant acted under color of state law and he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Plaintiff can prove no set of facts demonstrating Defendant Morgan violated a right to which Plaintiff was constitutionally entitled. Accepting Plaintiff's allegations as true, any failure of Defendant Morgan in his duties as a probation officer to adequately supervise Plaintiff would at most constitute negligence which is not sufficient to state a claim for a constitutional violation.

Finally, even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claim for wrongful arrest would likely result in the invalidity of his parole revocation. Plaintiff is barred from bringing such claims until his parole revocation is invalidated by the highest state court or in a federal *habeas* proceeding. *Heck v. Humphrey,* 512 U.S. 477, 486-87

(1994). Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

## CONCLUSION

Accordingly, I recommend Plaintiff's Complaint (ECF No. 2) against Defendant Dawan Morgan be DISMISSED WITH PREJUDICE. Plaintiff's claims against the remaining Defendants remain for resolution.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of July 2016.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE